IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(Beckley Division)

FIRST GUARANTY BANK                        )
400 East Thomas Street                     )
Hammond, LA 70401                          )
                                           )
      Plaintiff,                     )
                                           )
v.                                         )  Case No.:  5:24-cv-00121
                                           )
PEOPLES BANK                               )
138 Putnam Street                          )
Marietta, OH 45750                         )
<u>Serve On</u>:                           )
    CT Corporation System, Registered Agent )
    5098 Washington St. West, Suite 407   )
    Charleston, WV 25313                  )
                                           )
and                                        )
                                           )
CARTER BANK & TRUST                        )
4 Commonwealth  Blvd. East                 )
Martinsville, VA 24112                     )
<u>Serve On</u>:                           )
    Joyce A. Parker, Registered Agent     )
    1300 Kings Mountain Road              )
    Martinsville, VA 24112                )
                                           )
and                                        )
                                           )
CITIZENS BANK OF WEST VIRGINIA, INC.       )
211 Third Street                           )
Elkins, WV 26241                           )
<u>Serve On</u>:                           )
    Nathaniel S. Bonnell                  )
    Registered Agent/President            )
    211 Third Street                      )
    Elkins, WV 26241                      )
                                           )
and                                        )
                                           )

GREENBRIER HOTEL CORPORATION          )
101 Main Street West                                      )
White Sulphur Springs, WV 24986                )
<u>Serve On</u>:                                                   )
   Adam Long, Registered Agent            )
   101 Main Street West                             )
   White Sulphur Springs, WV 24986       )
                                                                  )
and                                                                 )
                                                                  )
GREENBRIER MEDICAL INSTITUTE, LLC    )
101 Main Street West                                      )
White Sulphur Springs, WV 24986                )
<u>Serve On</u>:                                                   )
   Adam Long, Registered Agent            )
   101 Main Street West                             )
   White Sulphur Springs, WV 24986       )
                                                                  )
and                                                                 )
                                                                  )
JAMES C. JUSTICE, II                               )
208 Dwyer Lane                                            )
Lewisburg, WV 24901                                 )
                                                                  )
and                                                                 )
                                                                  )
JUSTICE FAMILY GROUP, LLC                )
101 Main Street West                                      )
White Sulphur Springs, WV 24986                )
<u>Serve On</u>:                                                   )
   Adam Long, Registered Agent            )
   101 Main Street West                             )
   White Sulphur Springs, WV 24986       )
                                                                  )
and                                                                 )
                                                                  )
MVB BANK, INC.                                       )
301 Virginia Avenue                                     )
Fairmont, WV 26554                                    )
<u>Serve On</u>:                                                   )
   Corporation Service Company,            )
   Registered Agent                                  )
   209 West Washington Street               )
   Charleston, WV 25302
                                                                  )

and                                                )
                                                   )
PENDLETON COMMUNITY BANK, INC.                     )
128 North Main Street                              )
Franklin, WV 26807                                 )
<u>Serve On</u>:                                   )
    William A. Loving Jr., Registered Agent  )
    P.O. Box 487                             )
    Franklin, WV 26807                       )
                                                   )
    Defendants.                              )
                                                   )

## <u>Complaint for Declaratory Relief and Damages</u>

COMES NOW First Guaranty Bank (hereafter "Plaintiff" or "First Guaranty"), by and through its undersigned counsel, and in support of its *Complaint for Declaratory Relief and Damages* (the "*Complaint*"), hereby respectfully represents as follows:

### Summary of Complaint and Relief Sought

The instant *Complaint* sets out in necessary detail a pending dispute arising from multiple loans made by numerous financial institutions to and/or for the benefit of James C. Justice, II and/or various entities owned or controlled by him related to the business and operation of the Greenbrier Resort located in White Sulphur Springs in Greenbrier County, West Virginia. As hereinafter set forth, the *Complaint* describes the first of the relevant loans made in 2015 in the amount of $6,000,000.00 by the predecessor financial institution of the Defendant Peoples Bank; which said loan was secured by first and prior deed of trust liens for the benefit of that lender on two parcels of valuable real property adjacent to the Greenbrier Resort. Through a series of transactions set out in the *Complaint*, title to those parcels thereafter was encumbered by a covey of additional liens in favor of four other of the Defendants who made liens to various Justice-affiliated borrowers with those liens ultimately securing loans from those lenders (or judgments obtained by them) in an aggregate amount of more than $250,000,000.00 which exceeds by

hundreds of millions of dollars the reasonably contemplated value of the real property subject to those liens. As further detailed in the *Complaint*, the Defendant Peoples Bank sold and assigned the original $6,000,000.00 loan to the Plaintiff First Guaranty in December, 2021; in connection therewith, Peoples Bank also assigned to First Guaranty all of its rights in said loan and the promissory note and other loan documents related thereto, and expressly including the first and prior liens of the deeds of trust securing the loan.

Notwithstanding the sale by Peoples Bank of the $6,000,000.00 loan and all of its interests therein in December, 2021, and the termination of any legal authority to act with respect of the same, and notwithstanding that the $6,000,000.00 loan, in fact, had not been paid in full, Peoples Bank inexplicably executed and recorded some nine months later a release of the lien of one of those deeds of trust and recited therein that the $6,000,000.00 loan had been paid in full – thereby vitiating on the public record any continuing vitality for any collateral purporting to secure the repayment of that purportedly paid-in-full obligation.

As a result of Peoples Bank release of record of one of the deeds of trust and the representation of record that the $6,000,000.00 loan is paid in full, it has slandered the title of the Plaintiff First Guaranty to the deeds of trust securing the underlying debt. Said title has been clouded and scarred, and the very vendibility of the real property collateral and the current value of the loan secured thereby have been impaired. By the instant *Complaint*, the Plaintiff First Guaranty seeks a judicial declaration to be placed upon the public record rejecting any assertions that the $6,000,000.00 loan has been paid in full and similarly rebuffing the notion that any of the real property collateral therefor has been released. In order to bind all parties and clarify the public record further, the Plaintiff First Guaranty seeks: (i) a declaration as to the relative dignity and priority of all interests of the Plaintiff First Guaranty and all fee simple claimants with

respect to the real property collateral as well as; (ii) such a declaration establishing the relative priorities of all parties, including the Plaintiff First Guaranty, asserting any liens against such real property collateral to the end that the lien claims of First Guaranty shall be re-established of record as first and prior liens superior in all respects to the liens of all other lien claimants.

<u>**Jurisdiction and Venue**</u>

1.      This Court has subject matter jurisdiction of the instant cause of action pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Further, this *Complaint* presents a case of actual controversy within the jurisdiction of this Court seeking a declaration of the rights and other legal relations of the parties hereto and certain ancillary relief with regard to those matters hereinafter set forth; all as contemplated pursuant to the provisions of 28 U.S.C. §2201, *et seq*.

2.      This Court has personal jurisdiction over all of the Defendants herein pursuant to West Virginia Code because each Defendant: (i) is domiciled in the State of West Virginia; (ii) is organized under the laws of West Virginia; (iii) maintains its principal place of business in West Virginia; (iv) transacts business in  West Virginia; (v) has an interest in or possesses real property located in West Virginia; and/or (vi) has caused tortious injury by an act of omission occurring in West Virginia.

3.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because this judicial district is the district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred and is the district where the real property that is the subject of the instant action is situated.

## Parties

4.      Plaintiff First Guaranty Bank ("First Guaranty") is a state bank chartered by the State of Louisiana which maintains its principal place of business in Hammond, Louisiana. Plaintiff is registered to transact business in the State of West Virginia.

5.      Defendant Peoples Bank ("PEBO") is an Ohio corporation with its principal place of business located in Marietta, Ohio. PEBO regularly transacts business in the State of West Virginia, where it maintains over 20 branch offices and conducts banking activities.

6.      Defendant Carter Bank & Trust ("Carter Bank") is a Virginia corporation with its principal place of business located in Martinsville, Virginia. Carter Bank transacts business in the State of West Virginia by, *inter alia*, lending money to persons and entities located in West Virginia and obtaining security interests in real property located in West Virginia.

7.      Defendant Citizens Bank of West Virginia ("Citizens Bank") is a West Virginia corporation with its principal place of business located in Elkins, West Virginia.

8.      Defendant Greenbrier Hotel Corporation ("Greenbrier Hotel") is a West Virginia corporation with its principal place of business located in White Sulphur Springs, West Virginia.

9.      Defendant Greenbrier Medical Institute, LLC ("GMI") is a West Virginia limited liability company with its principal place of business located in White Sulphur Springs, West Virginia.

10.     Defendant James C. Justice, II ("Justice") is an adult individual who resides and is domiciled in the State of West Virginia.

11.     Defendant Justice Family Group, LLC ("JFG") is a Delaware limited liability company with its principal place of business located in White Sulphur Springs, West Virginia.

12.     Defendant MVB Bank, Inc. ("MVB Bank") is a West Virginia corporation with its principal place of business located in Fairmont, West Virginia.

13.     Defendant Pendleton Community Bank, Inc. ("Pendleton Bank") is a West Virginia corporation with its principal place of business located in Franklin, West Virginia.  (The Defendants Pendleton Bank, Carter Bank, Citizens Bank and MVB Bank hereinafter sometimes collectively are referred to as the "Defendant Banks".)

## Facts Common to All Counts

### *JFG Borrows $6,000,000.00 from Premier Bank*

14.     On or about August 4, 2015, Premier Bank, Inc. ("Premier Bank"), a financial institution located in Ravenswood, West Virginia, loaned unto JFG the principal sum of $6,000,000.00 ("the First Priority Loan").

15.     The First Priority Loan was evidenced by and repayable according to the terms and conditions of a *Promissory Note* executed and delivered by JFG on or about August 4, 2015 (the "First Priority Note").  A true and correct copy of said First Priority Note being attached hereto and incorporated by reference herein as Exhibit 1.  Contemporaneous therewith, Justice guaranteed the repayment of the First Priority Loan pursuant to the terms and conditions of a *Personal Guaranty* ("the Justice Guaranty") of even date with the First Priority Note.

16.     Concurrent with the execution and delivery of the First Priority Note and the Justice Guaranty, and in order to secure the obligations of JFG and Justice thereunder, Justice also executed a *Deed of Trust, Assignment of Rents and Leases, Security Agreement & Fixture Filing* (the "Old White First Deed of Trust") conveying unto trustees named therein for the benefit of Premier Bank a 3.125 acre parcel of land (the "Old White Lot") owned by Justice adjacent to the Old White Golf Course at the Greenbrier Resort in White Sulphur Springs,

Greenbrier County, West Virginia; said Old White Deed of Trust subsequently having been recorded among the Land Records of Greenbrier County, West Virginia at Trust Deed Book 750 Page 426. A true and correct copy of said Old White First Deed of Trust being attached hereto and incorporated by reference herein as Exhibit 2.

17.     Also contemporaneous with the execution and delivery of the First Priority Note, the Justice Guaranty and the Old White First Deed of Trust, and in order further to secure the obligations of JFG and Justice thereunder, GHC executed and delivered its *Deed of Trust, Assignment of Rents and Leases, Security Agreement & Fixture Filing* (the "Kate's Mountain First Deed of Trust") conveying unto trustees named therein for the benefit of Premier Bank three parcels of all or substantially unimproved real property comprising a total of 2,841.09 acres (collectively, "Kate's Mountain") then owned by GHC and also located in White Sulphur Springs, Greenbrier County, West Virginia; said Kate's Mountain First Deed of Trust subsequently having been recorded among the Land Records of Greenbrier County, West Virginia at Trust Deed Book 750 Page 446. A true and correct copy of said Kate's Mountain First Deed of Trust being attached hereto and incorporated by reference herein as Exhibit 3. (The Old White First Deed of Trust and the Kate's Mountain First Deed of Trust hereinafter sometimes collectively are referred to as the "First Priority Deeds of Trust"; the First Priority Note, the Justice Guaranty and the First Priority Deeds of Trust, together with any other documents evidencing, securing, guaranteeing or in any way related to the First Priority Loan hereinafter sometimes collectively are referred to as the "First Priority Loan Documents".)

18.     At the time the Old White First Deed of Trust and the Kate's Mountain First Deed of Trust were conveyed for the benefit of Premier Bank and recorded in the land records of Greenbrier County, West Virginia, there existed no liens senior or junior in priority to Premier

Bank's liens with respect to the Old White Lot or Kate's Mountain. (The Old White Lot and Kate's Mountain hereafter sometimes collectively are referred to as the "Combined Collateral.").

*The JFG Loan is Acquired by First Guaranty*

19.    On or about September 18, 2021, PEBO acquired Premier Bank[1] and succeeded to all of Premier Bank's interest in the First Priority Loan, including, *inter alia*, all guarantees thereof and security therefor, as well as the first and prior liens of the Old White First Deed of Trust and the Kate's Mountain First Deed of Trust.

20.    As part of a subsequent sale of numerous credits of Premier Bank to which it succeeded as aforesaid, PEBO sold the First Priority Loan to the Plaintiff First Guaranty upon those terms and subject to those conditions contained in a *Loan Portfolio Sale Agreement and Purchase Agreement* dated December 14, 2021.  Contemporaneous with that sale, PEBO, as successor in interest to Premier Bank, endorsed the First Priority Note to the order of First Guaranty by an *Allonge* and executed an *Assignment of Liens and Documents* by which it assigned to First Guaranty all of PEBO's interest in, *inter alia*, the Old White First Deed of Trust and the Kate's Mountain First Deed of Trust.  True and accurate copies of said *Loan Portfolio Sale Agreement and Purchase Agreement*, the *Allonge* and the *Assignment of Liens and Documents* are attached hereto and incorporated by reference herein as Exhibit 6, Exhibit 7 and Exhibit 8, respectively.

21.    Following the execution and delivery of those documents described in the immediately preceding paragraph, PEBO no longer maintained any continuing interest in the First Priority Loan, including, *inter alia*, all guarantees thereof and security therefor, as well as

---

[1] See official histories of both Premier Bank, Inc. and Peoples Bank attached hereto and incorporated by reference herein as Exhibits 4 and 5 as maintained by the Federal Deposit Insurance Corporation ("FDIC").  Said histories are published by the FDIC on its *BankFind Suite* at https://banks.data.fdic.gov/bankfind-suite/.

the first and prior liens of the Old White First Deed of Trust and the Kate's Mountain First Deed of Trust.

22.     On or about February 3, 2022, First Guaranty caused to be recorded in the land records of Greenbrier County, West Virginia, two (2) *Assignments of Security Interests* reflecting, respectively, the assignment by PEBO of: (i) the Old White First Deed of Trust recorded among said Land Records at Assignment Book 23 Page 538 (a true and accurate copy thereof being attached hereto as Exhibit 9); and (ii) the Kate's Mountain First Deed of Trust recorded among said Land Records at Assignment Book 23 Page 545 (a true and accurate copy thereof being attached hereto as Exhibit 10).

### *Justice and JFG Voluntarily Convey Interests Affecting the Combined Collateral Without Notice to Premier Bank Prior to Acquisition of the First Priority Loan by First Guaranty*

23.     Subsequent to Premier Bank extending the First Priority Loan to JFG and the creation of the liens of the Old White First Deed of Trust and the Kate's Mountain First Deed of Trust (hereinafter sometimes collectively referred to as the "Senior Liens") securing the obligations of JFG, GHC and Justice (collectively, the "Justice Obligors") in respect of the same, multiple actions voluntarily were taken by the Justice Obligors with respect to the Combined Collateral which affected title to each of said respective tracts of real property.  Upon information and belief, each and all of said voluntary actions which occurred prior to the acquisition by First Guaranty of the First Priority Loan and the Senior Liens were taken by the Justice Obligors without notice to or the actual knowledge of Premier Bank, the holder of the Senior Liens.  As set forth in the next six (6) succeeding paragraphs, those actions are detailed as follows:

24.    On or about March 4, 2016, and without notice to or the actual knowledge of Premier Bank, GHC and Justice jointly executed and delivered their *Deed of Trust* (the "Pendleton Deed of Trust") conveying the Combined Collateral unto that trustee named therein for the benefit of Pendleton Bank in order to secure the obligations of GHC owed unto Pendleton Bank in connection with a line of credit in the stated maximum amount of $2,000,000.00; said Pendleton Deed of Trust subsequently having been recorded among the Land Records of Greenbrier County, West Virginia at Trust Deed Book 759 Page 181.  A true and correct copy of said Pendleton Deed of Trust being attached hereto and incorporated by reference herein as Exhibit 11.

25.    On or about April 5, 2016, and again without notice to or the actual knowledge of Premier Bank, GHC executed and delivered its *Quitclaim Deed* (the "GHC/GMI Quitclaim Deed") of that date conveyed unto GMI all of GHC's fee simple interest in Kate's Mountain to GMI for no monetary consideration pursuant; said GHC/GMI Quitclaim Deed subsequently having been recorded among the Land Records of Greenbrier County, West Virginia at Deed Book 579 Page 379.  A true and correct copy of said GHC/GMI Quitclaim Deed being attached hereto and incorporated by reference herein as Exhibit 12.  (The ownership interests of Justice, GHC and GMI in the Old White Lot and Kate's Mountain sometimes hereinafter collectively are referred to as the "Fee Simple Interests".)

26.    On or about April 8, 2016, and again without notice to or the actual knowledge of Premier Bank, GMI executed a *Credit Line Deed of Trust* (hereafter the "Carter Bank Kate's Mountain Deed of Trust") which conveyed to a trustee for the benefit of Carter Bank numerous properties including, *inter alia*, a portion of Kate's Mountain, to secure the performance by GMI of its obligations detailed therein, including payment of a line of credit extended by Carter Bank

with a maximum indebtedness of $64,000,000.00; said Carter Bank Kate's Mountain Deed of Trust subsequently having been recorded among the Land Records of Greenbrier County, West Virginia at Trust Deed Book 760 Page 720. A true and correct copy of said Carter Bank Kate's Mountain Deed of Trust being attached hereto and incorporated by reference herein as Exhibit 13.

27.    Contemporaneous with the execution of the Carter Bank Kate's Mountain Deed of Trust, and again without notice to or the actual knowledge of Premier Bank, Justice executed on April 8, 2016 a separate *Credit Line Deed of Trust* (hereafter the "Carter Bank Old White Deed of Trust") which conveyed the Old White Lot to a trustee for the benefit of Carter Bank to secure the performance by Justice of his obligations detailed therein, including payment of a line of credit extended by Carter Bank with a maximum indebtedness of $64,000,000.00; said Carter Bank Old White Deed of Trust subsequently having been recorded among the Land Records of Greenbrier County, West Virginia at Trust Deed Book 760 Page 756. A true and correct copy of said Carter Bank Old White Deed of Trust being attached hereto and incorporated by reference herein as Exhibit 14.

28.    On or about June 30, 2020, and again without notice to or the actual knowledge of Premier Bank, GMI and Carter Bank executed and delivered a *First Modification to Deed of Trust* (the "First Modification") which, *inter alia*, increased to $178,000,000.00 the maximum indebtedness available under the line of credit extended by Carter Bank and secured by the Carter Bank Kate's Mountain Deed of Trust as described in ¶ 26, *supra*. Said First Modification further provided that the Carter Bank Kate's Mountain Deed of Trust would serve as security for all present and future debts owed to Carter Bank by GMI, GHC, JFG, Justice and/or several other related entities (Players Club, LLC, Greenbrier Gold and Tennis Club Corp., The

Greenbrier Sporting Club Development Company, Inc., The Greenbrier Sporting Club, Inc., and/or Oakhurst Club, LLC). Said First Modification subsequently having been recorded among the Land Records of Greenbrier County, West Virginia at Trust Deed Modification Book 828 Page 178. A true and correct copy of said First Modification being attached hereto and incorporated by reference herein as Exhibit 15.

29.    On or about August 1, 2021, and again without notice to or the actual knowledge of Premier Bank, GMI and Carter Bank executed and delivered a *Second Modification to Deed of Trust* (the "Second Modification") which, *inter alia*, increased to $250,000,000.00 the maximum indebtedness available under the line of credit extended by Carter Bank and secured by the Carter Bank Kate's Mountain Deed of Trust as described in ¶ 26, *supra*. Said Second Modification further provided that the Carter Bank Kate's Mountain Deed of Trust would serve as security for all present and future debts owed to Carter Bank by several persons and entities (Tams Management, Inc., Justice Farms of North Carolina, LLC, James C. Justice III, Justice Low Seam Mining, Inc., James C. Justice Companies, Inc., Twin Fir Estates, LLC, Wilcox Industries, Inc., and/or Bellwood Corporation) in addition to those persons and entities previously identified as parties whose obligations to Carter Bank were secured in the Carter Bank Kate's Mountain Deed of Trust and the First Modification. A true and correct copy of said Second Modification being attached hereto and incorporated by reference herein as Exhibit 16.

30.    As above recited, on December 15, 2021, PEBO, as the successor in interest to the recently acquired Premier Bank, conveyed the First Priority Loan secured by the Senior Liens to First Guaranty. While GHC then no longer owned Kate's Mountain, and while the above-described additional liens totaling more than $250,000,000.00 against Kate's Mountain and the Old White Lot then existed in favor of numerous other parties, PEBO nonetheless continued to

enjoy the Senior Liens as first and prior liens encumbering the interests of GMI as the owner of Kate's Mountain and Justice as the owner of the Old White Lot; which said Senior Liens were superior in all respects to the inferior secured liens of Pendleton Bank and Carter Bank. As transferred by PEBO to First Guaranty, First Guaranty succeeded to ownership of the First Priority Loan together with the security interests of the Senior Liens vested with that same dignity and priority as when held by PEBO.

*Judgment Liens Encumbering the Old White Lot are Entered*
*Subsequent to Acquisition of the First Priority Loan by First Guaranty*

31.   Following the transfer of the First Priority Loan from PEBO to First Guaranty as aforesaid, the financial condition of Justice continued to deteriorate as multiple additional judgments were entered against him in various courts of West Virginia and thereafter recorded in Greenbrier County, West Virginia; thereby further impairing the equity available to him as the owner of the Old White Lot. Those judgments aggregating more than $4,000,000.00 which constituted liens on the Old White Lot immediately upon their entry are detailed as set forth in the following three (3) paragraphs.

32.   On or about September 16, 2022, Citizens Bank caused to be recorded in Greenbrier County, West Virginia an *Abstract of Judgment* with regard to that civil judgment entered in its favor and against Justice on July 27, 2022 by the Circuit Court for Randolph County, West Virginia in the amount of $731,702.61; said *Abstract of Judgment* having been recorded among the Judgment Records of Greenbrier County, West Virginia at Judgment Book 66 Page 631. A true and correct copy of said *Abstract of Judgment* being attached hereto and incorporated by reference herein as Exhibit 17.

33.   On or about July 24, 2023, MVB Bank caused to be recorded in Greenbrier County, West Virginia an *Abstract of Judgment* with regard to that civil judgment entered in its

favor and against, *inter alia*, Justice on June 27, 2023 by the Circuit Court for Kanawha County, West Virginia in the amounts of $1,865,235.38, $1,631,331.23, and $119,773.73, respectively; said *Abstract of Judgment* having been recorded among the Judgment Records of Greenbrier County, West Virginia at Judgment Book 67 Page 389. A true and correct copy of said *Abstract of Judgment* being attached hereto and incorporated by reference herein as Exhibit 18.

34. On or about August 10, 2023, MVB Bank caused to be recorded in Greenbrier County, West Virginia an *Abstract of Judgment* with regard to that civil judgment entered in its favor and against, *inter alia*, Justice on July 26, 2023 by the Circuit Court for Kanawha County, West Virginia in the amount of $61,472.09; said *Abstract of Judgment* having been recorded among the Judgment Records of Greenbrier County, West Virginia at Judgment Book 67 Page 418. A true and correct copy of said *Abstract of Judgment* being attached hereto and incorporated by reference herein as Exhibit 19. (The above-described liens of the Defendants Pendleton Bank, Carter Bank, Citizens Bank and MVB Bank hereinafter sometimes collectively are referred to as the "Inferior Liens")

35. Importantly, while all of the above latest judgment liens have attached to the Old White Lot and further erode any possibility of remaining equity therein, the same in no way diminish the first and prior lien position of First Guaranty as the holder of the First Priority Loan secured by the Senior Liens on both the Old White Lot and Kate's Mountain. Indeed, even if other additional liens hereafter attach to either of such Combined Collateral, the same also will be, at all times, inferior to the Senior Liens which have been, at all times since their creation, and will continue to be, superior in all respects to all other liens upon such Combined Collateral.

<u>*PEBO Inexplicably Purports to Release the Senior Liens and Slanders*</u>
<u>*the Title Previously Sold by PEBO to First Guaranty*</u>

36.     In connection with a periodic review of the status and prospective collectability of the First Priority Loan in mid-year of 2023, First Guaranty routinely undertook an objective analysis of its lien position purporting to secure the First Priority Loan.  In that regard, First Guaranty sought to confirm that if required to enforce the default remedies provided under the First Priority Loan Documents including, *inter alia*, foreclosure of the liens established thereby on the Combined Collateral, no impediment would delay or obstruct such enforcement action.

37.     In connection with that lien review, First Guaranty undertook title examinations of the Old White Lot and Kate's Mountain which revealed those conditions of title as are recited in ¶ ¶ 14 - 34, *supra*; thereby confirming the dignity and priority of the First Priority Deeds of Trust as the first and prior liens upon the Old White Lot and Kate's Mountain.

38.     While the confirmation of the first lien dignity and priority of the First Priority Deeds of Trust was both expected and welcome, those title examinations also revealed the unwelcome existence of an unacceptable and inexplicable cloud imposed on the first priority lien status of both such First Priority Deeds of Trust.

39.     Although the First Priority Loan was sold and assigned by PEBO to First Guaranty on or about December 15, 2021 (including, *inter alia*, all guarantees thereof and security therefor as detailed in ¶ ¶  19 - 22, *supra*) with PEBO thereafter maintaining any continuing interest in or dominion over the First Priority Loan, the title examinations revealed that on September 6, 2022, PEBO recorded among the land records of Greenbrier County, West Virginia a *Release and Satisfaction of Deed of Trust* (the "PEBO Release") executed and acknowledged PEBO's Assistant Vice-President, Jeff McDonald, on August 29, 2022; said PEBO Release having been recorded among the said Land Records at Release Book 192 Page

836.  A true and correct copy of said PEBO Release being attached hereto and incorporated by reference herein as Exhibit 20.

40.    Notwithstanding that PEBO did not at that time own the First Priority Loan, hold the First Priority Note or any interest in the Combined Collateral, the PEBO Release expressly purported to release the lien evidenced by the Old White First Deed of Trust. Further, and perhaps more egregiously, the PEBO Release recited that "said indebtedness [*i.e.*, the First Priority Loan] has been fully paid and satisfied".  As the continuing legal force and effect of the liens of not only the Old White First Deed of Trust, but also the Kate's Mountain First Deed of Trust, are both dependent upon the existence of an unpaid underlying indebtedness (*i.e.*, the First Priority Loan) the suggestion of record that payment in full of that indebtedness has been made reasonably places into question whether either or both of the First Priority Deeds of Trust continue to have force and effect.  In the context of possible prospective foreclosure proceedings seeking to enforce those First Priority Deeds of Trust, the chilling effect of such uncertainty on prospective public auction purchasers is patent with obvious concomitant damage to the Plaintiff First Guaranty as the holder of the First Priority Loan and as the beneficiary of the First Priority Deeds of Trust.

41.    The PEBO Release was prepared and recorded by PEBO without notice to or any knowledge of First Guaranty.  At the time the PEBO Release was prepared and recorded by PEBO in the summer of 2022, and as of the present date, the First Priority Loan was not, and is not, fully paid or satisfied.  As such, the Justice Obligors were not then, and are not today, entitled to a release or satisfaction of the First Priority Loan or any of the First Priority Loan Documents, including the Old White First Deed of Trust or the Kate's Mountain First Deed of Trust.

42.    At the time the PEBO Release was prepared and recorded, PEBO knew that it no longer held any interest in the First Priority Loan or any of the First Priority Loan Documents. As such, PEBO further knew that it had no legal ability or authority to effect: (i) the release of the Old White First Deed of Trust or the Kate's Mountain First Deed of Trust; nor (ii) to legally declare the underlying indebtedness [*i.e.*, the First Priority Loan] to be fully paid and satisfied.

43.    PEBO's unauthorized and improper recordation of the PEBO Release has created clouds on the titles of the Old White First Deed of Trust and the Kate's Mountain First Deed of Trust.

### *PEBO Fails to Remove the Clouds it Created on the Titles of the Old White First Deed of Trust and the Kate's Mountain First Deed of Trust*

44.    In subsequent correspondence between General Counsel for First Guaranty and PEBO, demand was made by First Guaranty for remediation of the clouds on title created by the actions of PEBO as above described.

45.    In response thereto, and without consultation with or prior notice to First Guaranty, PEBO unilaterally prepared and filed for record on November 13, 2023 its *Affidavit of Facts Relating to Lien Perfected by Deed of Trust on Property Owned by James C. Justice, II Located in White Sulphur Springs District, Greenbrier County, West Virginia* (the "PEBO Affidavit") acknowledging the impropriety of its actions in filing the PEBO Release resulting in the clouds on the titles of the Old White First Deed of Trust and the Kate's Mountain First Deed of Trust; said PEBO Affidavit being recorded among the said Land Records at Release Book 195 Page 483; a true and accurate copy thereof being attached hereto and incorporated by reference herein as Exhibit 21.

46.    As hereinafter detailed, the PEBO Affidavit patently is inadequate in form and substance to remove the clouds upon the titles of the First Priority Deeds of Trust resulting from the wrongful actions of PEBO as described above.

47.    As a threshold matter, the stated legal conclusions set forth in the PEBO Affidavit omit in their entirety any reference to Kate's Mountain or the Kate's Mountain First Deed of Trust.

48.    Further, and more importantly, the PEBO Affidavit fails to provide necessary assurances of record to persons prospectively reviewing the titles to the Old White Lot and Kate's Mountain as conveyed by the First Priority Deeds of Trust, that all of the holders of the Fee Simple Interests and the Inferior Liens acknowledge and agree with the legal conclusions advanced by the PEBO Affidavit to the effect that:

- "Peoples Bank did not have the necessary power and authority to release the lien created by the [Old White First Deed of Trust] or to record the [PEBO] Release in the aforesaid [Land Records];"

- "[T]he [PEBO] Release was at the time of recording and remains ineffective [sic];"

- "[T]he lien created by the [Old White First Deed of Trust] as against the [Old White Lot] was perfected when originally recorded…and maintains its priority from that date until a proper, effective release in recorded in the aforesaid Clerk's Office;" and

- "[T]he [First Priority] Loan and the related indebtedness under the [Old White First Deed of Trust] has not been fully paid and satisfied."

49.    Clouds will continue to exist on the titles of the First Priority Deeds of Trust conveying the Old White Lot and Kate's Mountain in the absence of all parties holding Fee Simple Interests or Inferior Liens on either of said properties joining in to a written instrument filed for record among the Land Records of Greenbrier County, West Virginia agreeing and acknowledging that the Old White First Deed of Trust and the Kate's Mountain First Deed of Trust constitute first and prior liens on the Old White Lot and Kate's Mountain, respectively,

which are superior in all respects to all of the Fee Simple Interests and all of the Inferior Liens held by the Defendants with regard to said Old White Lot and Kate's Mountain.

50.    In light of the daunting prospects for obtaining the timely agreement of all parties to such an agreed form of recorded instrument, and further in consideration of the need for alacrity in order to resolve and remediate the clouds on title which have resulted from the actions of PEBO as hereinabove recited, only declaratory relief as prayed herein can achieve the requirements of justice in the circumstances herein presented.

### Count I
**(Declaratory Judgment – 28 U.S.C. §§ 2201-2202)**
**(Against All Defendants)**

51.    Plaintiff realleges and incorporates herein by reference the allegations in Paragraphs 14 - 50, *supra*, as if fully set forth in the body of this Count.

52.    An actual controversy exists between the Plaintiff First Guaranty and the Defendants regarding: (i) the dignity and priority of the First Priority Deeds of Trust; and (ii) the relative priority of the First Priority Deeds of Trust vis-à-vis the above-described Fee Simple Interests held by the Justice Obligors and GMI, and the Inferior Liens held by the Defendants against the Old White Lot and Kate's Mountain, respectively.

53.    There is a presently justiciable dispute between Plaintiff and Defendants as to: (i) the dignity and priority of the First Priority Deeds of Trust; and (ii) the relative priority of the First Priority Deeds of Trust vis-à-vis the above-described Fee Simple Interests and the Inferior Liens held by the Defendants against the Old White Lot and Kate's Mountain, respectively. The conflicting claims of the parties with respect thereto are ripe for judicial determination.

54.    There is no adequate remedy at law to resolve the dispute between Plaintiff and Defendants as: (i) the dignity and priority of the First Priority Deeds of Trust; and (ii) the relative

priority of the First Priority Deeds of Trust vis-à-vis the above-described Fee Simple Interests and the Inferior Liens held by the Defendants against the Old White Lot and Kate's Mountain, respectively.

55.    Accordingly, Plaintiff seeks a declaratory judgment to terminate the controversy between the parties and to establish: (i) the dignity and priority of the First Priority Deeds of Trust; and (ii) the relative priority of the First Priority Deeds of Trust vis-à-vis the above-described Fee Simple Interests and the Inferior Liens held by the Defendants against the Old White Lot and Kate's Mountain, respectively.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

A.    ENTER a Judgment declaring that:

(1)    The First Priority Loan evidenced by the First Priority Note has not been fully paid and satisfied;

(2)    The Old White First Deed of Trust has not been released and remains a valid lien instrument enforceable according to its terms;

(3)    The Kate's Mountain First Deed of Trust has not been released and remains a valid lien instrument enforceable according to its terms;

(4)    The fee simple interest of Justice in the Old White Lot is subject to the continuing first priority lien and effect of the Old White First Deed of Trust.

(5)    The fee simple interests, if any, of GHC and GMI, respectively, in Kate's Mountain are subject to the continuing first priority lien and effect of the Kate's Mountain First Deed of Trust.

(6)     The first priority lien and effect of the Old White First Deed of Trust is superior in all respects to all of the Fee Simple Interests and all of the Inferior Liens held by the Defendants with regard to the Old White Lot;

(7)     The first priority lien and effect of the Kate's Mountain First Deed of Trust is superior in all respects to all of the Fee Simple Interests and all of the Inferior Liens held by the Defendants with regard to Kate's Mountain;

(8)     The PEBO Release was/is null and void and of no legal effect: (i) as of the date and time of its execution and subsequent recording, (ii) at all times thereafter; and (iii) at all times hereafter.

B.     ORDER such other and further relief as the nature of this cause and the interests of justice may require.

**Count II**
**(Slander of Title – Against Defendant People's Bank)**

56.     Plaintiff realleges and incorporates herein by reference the allegations in Paragraphs 14 - 50, *supra*, as if fully set forth in the body of this Count.

57.     Plaintiff First Guaranty is the owner and holder of the First Priority Loan evidenced by the First Priority Note purchased by it from PEBO and assigned to it as set forth in ¶ ¶ 19 - 22, *supra*.  Plaintiff First Guaranty further is the beneficiary of the First Priority Deeds of Trust securing the performance, including payment, of the First Priority Note, also assigned to it set forth in ¶ ¶ 19 - 22, *supra*.

58.     As above set forth, the Old White First Deed of Trust constitutes a first and prior lien on the Old White Lot which is superior in all respects to all of the Fee Simple Interests and all of the Inferior Liens held by the Defendants with regard to the Old White Lot.

59.    As above set forth, the Kate's Mountain First Deed of Trust constitutes a first and prior lien on Kate's Mountain which is superior in all respects to all of the Fee Simple Interests and all of the Inferior Liens held by the Defendants with regard to Kate's Mountain.

60.    PEBO published a false statement derogatory to the title of the Old White First Deed of Trust by recording in the Land Records of Greenbrier County, West Virginia the PEBO Release which: (i) falsely stated that the Old White First Deed of Trust had been released; and (ii) further falsely stated that the First Priority Loan had been fully paid and satisfied.

61.    PEBO published a false statement derogatory to the title of the Kate's Mountain First Deed of Trust by recording in the Land Records of Greenbrier County, West Virginia the PEBO Release, which falsely stated that the First Priority Loan had been fully paid and satisfied which, if said statement had been true, would by operation of law have rendered the lien of the Kate's Mountain First Deed of Trust nugatory and without further legal force and effect.

62.    PEBO acted with malice in executing and recording the PEBO Release because PEBO knew that it no longer held any interest in the First Priority Loan or any of the First Priority Loan Documents.  As such, PEBO further knew that it had no legal ability or authority to effect: (i) the release of the Old White First Deed of Trust or the Kate's Mountain First Deed of Trust; nor (ii) to legally declare the underlying indebtedness [*i.e.*, the First Priority Loan] to be fully paid and satisfied.  Alternatively, PEBO acted with malice by its reckless disregard for the effect of its actions in purporting to: (i) release the Old White First Deed of Trust; and (ii) assert that the First Priority Loan had been fully paid and satisfied.

63.    PEBO's publication of the PEBO Release has caused the Plaintiff to suffer special damages in excess of $75,000.00, including: damage to the value and vendibility of the Old

White Lot and Kate's Mountain; and the expenditures required to remediate the damages resulting from the actions of PEBO, including attorney's fees and related costs.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

A.    ENTER judgment in favor of the Plaintiff First Guaranty and against the Defendant People's Bank in an amount to be proven at trial which will be not less than Seventy-Five Thousand Dollars ($75,000.00) ; and

B.    ORDER such other and further relief as the nature of this cause and the interests of justice may require.

Respectfully submitted,

SCHLOSSBERG | MASTRO

Dated: March 14, 2024                By: ___/s/ Roger Schlossberg___
                                          Roger Schlossberg,
                                          WV Bar No. 7367
                                          P.O. Box 2067
                                          Hagerstown, MD 21742
                                          (301) 739-8610
                                          rschlossberg@schlosslaw.com

                                          *Attorneys for Plaintiff First Guaranty Bank*