IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(Beckley Division)

**FIRST GUARANTY BANK,**

    **Plaintiff,**

v.                                                                       Case No.: 5:24-cv-00121

**PEOPLES BANK, CARTER
BANK & TRUST, CITIZENS
BANK OF WEST VIRGINIA,
INC., GREENBRIER HOTEL
CORPORATION, GREENBRIER
MEDICAL INSTITUTE, LLC,
JAMES C. JUSTICE, II, JUSTICE
FAMILY GROUP, LLC,
MVB BANK, INC., and
PENDLETON COMMUNITY
BANK, INC.,**

    **Defendants.**

**<u>ANSWER OF DEFENDANT MVB BANK, INC. TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES</u>**

COMES NOW MVB Bank, Inc. ("MVB"), by counsel, James W. Lane, Jr. of the law firm of Flaherty Sensabaugh Bonasso PLLC, and in answer to the allegations contained in First Guaranty Bank's ("Plaintiff") Complaint, responds and states as follows:

**<u>SUMMARY OF MVB'S POSITION</u>**

At this point, MVB has no reason to contest the relief sought by plaintiff in Count I of the Complaint. MVB is a party to this action because it has a judgment lien against the Old White Lot, one of the two properties at issue in the Complaint. MVB has no direct knowledge of any of the transactions between and among the other defendants and the Plaintiff that are discussed in the Complaint. MVB has not inspected the records in the office of the Clerk of the County Commission of Greenbrier County to verify the allegations in the complaint. MVB does not have a basis to dispute the recorded documents attached to the Complaint as exhibits.

1

Assuming the recorded documents attached to the Complaint are authentic, MVB notes that the *Assignment of Security Interests* at Exhibit 9 to the Complaint, recorded on or about February 3, 2022, gives notice that Peoples Bank sold the loan and the Old White Deed of Trust to Plaintiff. As a matter of record at the Clerk's office, Peoples Bank's *Release and Satisfaction of Deed of Trust* recorded September 6, 2022, was and is ineffectual.

Subject to additional facts or arguments that MVB may learn from the answers of the other defendants or in discovery or investigation, MVB does not intend to contest the declaratory relief sought in count I of the complaint. Count II of the Complaint does not seek relief from MVB.

## **FIRST DEFENSE**

MVB answers the specific paragraphs of Plaintiff's Complaint as follows:

1. Paragraph 1 of the Complaint contains a legal conclusion to which no response is required. To the extent MVB is required to respond, MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of the Complaint, including the allegation that the amount in controversy exceeds $75,000.00.

2. MVB will not contest that this Court has personal jurisdiction over it.

3. MVB will not contest that venue in this judicial district is proper.

4. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 4 of the Complaint.

5. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 5 of the Complaint.

6. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 6 of the Complaint.

7. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. MVB admits the allegations contained in Paragraph 12 of the Complaint.

13. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. With respect to the allegations in Paragraph 15 of the Complaint, which discusses the contents of Exhibit 1, MVB respectfully asserts that the exhibit speaks for itself. However, to the extent that the allegations contained in Paragraph 15 of the Complaint are construed to require a response by this Defendant, MVB states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16. With respect to the allegations in Paragraph 16 of the Complaint, which discusses the contents of Exhibit 2, MVB respectfully asserts that the exhibit speaks for itself. However, to the extent that the allegations contained in Paragraph 16 of the Complaint are construed to require

a response by this Defendant, MVB states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 16 of the Complaint.

17. With respect to the allegations in Paragraph 17 of the Complaint, which discusses the contents of Exhibit 3, MVB respectfully asserts that the exhibit speaks for itself. However, to the extent that the allegations contained in Paragraph 17 of the Complaint are construed to require a response by this Defendant, MVB states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 19 of the Complaint.

20. With respect to the allegations in Paragraph 20 of the Complaint, which discusses the contents of Exhibits 6, 7, and 8, MVB respectfully asserts that the exhibits speak for themselves. However, to the extent that the allegations contained in Paragraph 20 of the Complaint are construed to require a response by this Defendant, MVB states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22. With respect to the allegations in Paragraph 22 of the Complaint, which discusses the contents of Exhibits 9 and 10, MVB respectfully asserts that the exhibits speak for themselves. However, to the extent that the allegations contained in Paragraph 22 of the Complaint are construed to require a response by this Defendant, MVB states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 22 of the Complaint.

23. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 23 of the Complaint.

24. With respect to the allegations in Paragraph 24 of the Complaint, which discusses the contents of Exhibit 11, MVB respectfully asserts that the exhibit speaks for itself. However, to the extent that the allegations contained in Paragraph 24 of the Complaint are construed to require a response by this Defendant, MVB states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 24 of the Complaint.

25. With respect to the allegations in Paragraph 25 of the Complaint, which discusses the contents of Exhibit 12, MVB respectfully asserts that the exhibit speaks for itself. However, to the extent that the allegations contained in Paragraph 25 of the Complaint are construed to require a response by this Defendant, MVB states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 25 of the Complaint.

26. With respect to the allegations in Paragraph 26 of the Complaint, which discusses the contents of Exhibit 13, MVB respectfully asserts that the exhibit speaks for itself. However, to the extent that the allegations contained in Paragraph 26 of the Complaint are construed to require a response by this Defendant, MVB states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 26 of the Complaint.

27. With respect to the allegations in Paragraph 27 of the Complaint, which discusses the contents of Exhibit 14, MVB respectfully asserts that the exhibit speaks for itself. However, to the extent that the allegations contained in Paragraph 27 of the Complaint are construed to require a response by this Defendant, MVB states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 27 of the Complaint.

28. With respect to the allegations in Paragraph 28 of the Complaint, which discusses the contents of Exhibit 15, MVB respectfully asserts that the exhibit speaks for itself. However, to the extent that the allegations contained in Paragraph 28 of the Complaint are construed to require a response by this Defendant, MVB states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 28 of the Complaint.

29. With respect to the allegations in Paragraph 29 of the Complaint, which discusses the contents of Exhibit 16, MVB respectfully asserts that the exhibit speaks for itself. However, to the extent that the allegations contained in Paragraph 29 of the Complaint are construed to require a response by this Defendant, MVB states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 29 of the Complaint.

30. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 31 of the Complaint.

32. With respect to the allegations in Paragraph 32 of the Complaint, which discusses the contents of Exhibit 17, MVB respectfully asserts that the exhibit speaks for itself. However, to the extent that the allegations contained in Paragraph 32 of the Complaint are construed to require a response by this Defendant, MVB states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 32 of the Complaint.

33. MVB admits the allegations contained in Paragraph 33 of the Complaint.

34. MVB admits the allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 35 states a legal conclusion to which no response is required. To the extent MVB is required to respond, MVB denies the allegations contained in Paragraph 35 of the Complaint.

36. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 36 of the Complaint.

37. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 37 of the Complaint.

38. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 38 of the Complaint.

39. With respect to the allegations in Paragraph 39 of the Complaint, which discusses the contents of Exhibit 20, MVB respectfully asserts that the exhibit speaks for itself. However, to the extent that the allegations contained in Paragraph 39 of the Complaint are construed to require a response by this Defendant, MVB states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 39 of the Complaint.

40. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 40 of the Complaint.

41. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 41 of the Complaint.

42. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 42 of the Complaint.

43. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 43 of the Complaint.

44. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 44 of the Complaint.

45. With respect to the allegations in Paragraph 45 of the Complaint, which discusses the contents of Exhibit 21, MVB respectfully asserts that the exhibit speaks for itself. However, to the extent that the allegations contained in Paragraph 45 of the Complaint are construed to require a response by this Defendant, MVB states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 45 of the Complaint.

46. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 46 of the Complaint.

47. With respect to the allegations in Paragraph 47 of the Complaint, which discusses the contents of the PEBO Affidavit, MVB respectfully asserts that the affidavit speaks for itself.

48. With respect to the allegations in Paragraph 48 of the Complaint, which discusses the contents of the PEBO Affidavit, MVB respectfully asserts that the affidavit speaks for itself.

49. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 49 of the Complaint.

50. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 50 of the Complaint.

<u>**Count I**</u>
**(Declaratory Judgment – 28 U.S.C. §§ 2201-2202)**
**(Against All Defendants)**

51. MVB restates and adopts its prior responses to Paragraphs 1 through 50 of the Complaint.

52. Paragraph 52 of the Complaint states a legal conclusion to which no response is required. To the extent MVB is required to respond, MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 52.

53. Paragraph 53 of the Complaint states a legal conclusion to which no response is required. To the extent MVB is required to respond, MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 53.

54. Paragraph 54 of the Complaint states a legal conclusion to which no response is required. To the extent MVB is required to respond, MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 54 of the Complaint.

55. Upon information and belief, MVB admits that Plaintiff is seeking a declaratory judgment to terminate the controversy between the parties and to establish (i) the dignity and priority of the First Priority Deeds of Trust; and (ii) the relative priority of the First Priority Deeds of Trust vis-à-vis the above-described Fee Simple Interests and the Inferior Liens held by the Defendants against the Old White Lot and Kate's Mountain, respectively.

## Count II
### (Slander of Title – Against Defendant Peoples Bank)

56. MVB restates and adopts its prior responses to Paragraphs 1 through 55 of the Complaint.

57. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 57 of the Complaint.

58. Paragraph 58 states a legal conclusion to which no response is required. To the extent MVB is required to respond, MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 58 of the Complaint.

59. Paragraph 59 states a legal conclusion to which no response is required. To the extent MVB is required to respond, MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 59 of the Complaint.

60. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 60 of the Complaint.

61. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 61 of the Complaint.

62. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 62 of the Complaint.

63. MVB is without sufficient knowledge to admit or deny the allegations contained in Paragraph 63 of the Complaint.

### SECOND DEFENSE

All allegations in the Complaint not specifically admitted herein are hereby denied.

### THIRD DEFENSE

MVB, not being fully advised of all the circumstances surrounding the allegations set forth in Plaintiff's Complaint, reserves unto itself the affirmative defenses stated under Rule 8 and 12 of the *Federal Rules of Civil Procedure* which may prove applicable whether or not specifically set out herein.

### FOURTH DEFENSE

MVB hereby asserts its right to assert such claims, whether they may be counterclaims, cross-claims, third-party claims or otherwise as investigation and discovery may prove applicable.

**MVB BANK, INC.**

**By Counsel**

*/s/ James W. Lane, Jr.*
James W. Lane, Jr., Esq. (WVSB #6483)
Eric M. Johnson, Esq. (WVSB #13001)
L. Elizabeth King, Esq. (WVSB #14268)
Flaherty Sensabaugh Bonasso PLLC
200 Capitol Street
Charleston, WV 25301
(304) 205-6377(p)
(304) 345-0260(f)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(Beckley Division)

**FIRST GUARANTY BANK,**

    **Plaintiff,**

v.                                                          Case No.: 5:24-cv-00121

**PEOPLES BANK, CARTER
BANK & TRUST, CITIZENS
BANK OF WEST VIRGINIA,
INC., GREENBRIER HOTEL
CORPORATION, GREENBRIER
MEDICAL INSTITUTE, LLC,
JAMES C. JUSTICE, II, JUSTICE
FAMILY GROUP, LLC,
MVB BANK, INC., and
PENDLETON COMMUNITY
BANK, INC.,**

    **Defendants.**

## CERTIFICATE OF SERVICE

    The undersigned, counsel for MVB Bank, Inc., do hereby certify that on the 10th day of April, 2024, I filed the foregoing Answer of Defendant MVB Bank, Inc. to Plaintiff's Complaint for Declaratory Relief and Damages by electronic filing through CM/ECF, addressed to:

Paul O. Clay, Jr.
Clay Law Firm
poclayjr@suddenlinkmail.com
*Counsel for First Guaranty Bank*

Roger Schlossberg
Schlossberg & Mastro
bkcreditor@schlosslaw.com
*Counsel for First Guaranty Bank*

and I served a copy of the foregoing Answer of Defendant MVB Bank, Inc. to Plaintiff's Complaint for Declaratory Relief and Damages by U.S. Mail, first class postage prepaid, to the following:

Peoples Bank
c/o CT Corporation System, Registered Agent
5098 Washington St. West, Suite 407
Charleston, WV 25313
*Defendant*

Carter Bank & Trust
c/o Joyce A. Parker, Registered Agent
1300 Kings Mountain Road
Martinsville, VA 24112
*Defendant*

Greenbrier Hotel Corporation
c/o Adam Long, Registered Agent
101 Main Street West
White Sulphur Springs, WV 24986
*Defendant*

Greenbrier Medical Institute, LLC
c/o Adam Long, Registered Agent
101 Main Street West
White Sulphur Springs, WV 24986
*Defendant*

James C. Justice, II
208 Dwyer Lane
Lewisburg, WV 24901
*Defendant*

Justice Family Group, LLC
c/o Adam Long, Registered Agent
101 Main Street West
White Sulphur Springs, WV 24986
*Defendant*

Pendleton Community Bank, Inc.
c/o William A. Loving Jr., Registered Agent
P.O. Box 487
Franklin, WV 26807
*Defendant*

David M. Jecklin
Lewis Gianola, PLLC
1714 Mileground Road
Morgantown, WV 26505
*Counsel for Citizens Bank of West Virginia, Inc.*


*/s/ James W. Lane, Jr.*
James W. Lane, Jr., Esq. (WVSB #6483)