IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(Beckley Division)

| | |
|---|---|
| FIRST GUARANTY BANK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 24-CV-00121 |
| PEOPLES BANK, *et al.,* | ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
JUSTICE DEFENDANTS' MOTION TO DISMISS**

Plaintiff, First Guaranty Bank ("First Guaranty"), by and through its undersigned counsel, hereby submits this memorandum in opposition to the *Justice Defendants' Motion to Dismiss*, [Dkt. #29], filed by Defendants Greenbrier Hotel Corporation, Greenbrier Medical Institute, LLC, Justice Family Group, LLC, and James C. Justice II ("the Justice Defendants"); and respectfully states:

**I.     INTRODUCTION**

The Justice Defendants argue that the *Complaint* must be dismissed as to them due to the alleged absence of an actual controversy with First Guaranty. The Justice Defendants are mistaken because they have misconstrued the "actual controversy" requirement of the federal Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a) ("[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."). In this case, First Guaranty has alleged the existence of a definite and concrete dispute regarding the validity and priority of its first liens on certain property in which the defendants –

including the Justice Defendants – possess differing and adverse interests. Further, the dispute is of such a character that a declaratory judgment will serve a useful purpose in clarifying and settling the legal relations among the parties, and it will afford relief from uncertainty. Therefore, a declaratory judgment may be entered against all defendants, including the Justice Defendants. Consequently, the *Justice Defendants' Motion to Dismiss* must be denied.

## II.    ARGUMENT

### A.    Applicable Legal Standards

The phrase "case of actual controversy" in the federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., refers to the types of "cases" and "controversies" that are justiciable under Article III of the Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). In order for a dispute to be justiciable under Article III, the dispute must be "'definite and concrete, touching the legal relations of parties having adverse legal interests;' and [be] 'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *MedImmune*, 549 U.S. at 127 (citing *Aetna*, 300 U.S. at 240-41). Essentially, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

In the Fourth Circuit, "a declaratory judgment action is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and ... when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to

the proceeding." *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (internal citations omitted). The Declaratory Judgment Act "should be liberally construed to accomplish the purpose intended, *i.e.*, to afford a speedy and inexpensive method of adjudicating legal disputes." *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937).

> **B. Plaintiff's *Complaint* Properly Alleges the Existence of an "Actual Controversy" Warranting the Issuance of Declaratory Relief.**

In this action, First Guaranty asks the Court to enter a declaration affirming the validity and priority of its first liens on the Old White Lot and Kate's Mountain properties notwithstanding the purported releases of said liens recorded in the land records of Greenbrier County by Defendant People's Bank and the belated "Affidavit of Facts" thereafter recorded by People's Bank with respect to its actions, which have resulted in clouds being placed on First Guaranty's deeds of trust encumbering the Old White Lot and Kate's Mountain properties (the "Old White First Deed of Trust" and the "Kate's Mountain First Deed of Trust," respectively). *See Compl.* at ¶¶ 36-50, 52-55. All of the defendants joined to this action are necessary parties who have various, competing interests in the Old White Lot and Kate's Mountain properties.[1]

The Justice Defendants do not dispute the proposition that "[a] declaratory judgment may be utilized to seek adjudication with respect to the validity and/or superiority of a lien." *See Greco v. LSF9 Master Participation Trust*, 2019 WL 4934654, *8 (E.D. Tex. Aug. 12, 2019); *see also CitiMortgage, Inc. v. Holmes*, 2015 WL 224944, *3-4 (D. Md. Jan. 14, 2015) (entering declarations under the federal Declaratory Judgment Act regarding the priority of certain liens on

---

[1] Included among the Justice Defendants are the owners of the Old White Lot and Kate's Mountain properties as well as the mortgagors and guarantors of various loans secured by the Old White Lot and Kate's Mountain properties, including the $6 million indebtedness owed to First Guaranty (the "First Priority Loan"). *See Compl.* at ¶¶ 14-35. The remaining defendants, Carter Bank, Citizens Bank, MVB Bank and Pendleton Community Bank, hold junior liens on the Old White Lot and/or the Kate's Mountain properties. *Id*.

real property held by the plaintiff); *cf. In re Old CP, Inc.*, 2023 WL 108132, *26 (Bankr. D. Conn. Jan. 4, 2023) (noting that bankruptcy court's authority under Fed. R. Bankr. P. 7001(2) to entertain adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property" is subject to constraints of federal Declaratory Judgment Act).

Rather, the Justice Defendants contend that a declaratory judgment may not be entered against them in this case. In so arguing, the Justice Defendants appear to have conflated their apparent acknowledgement of the validity and priority of First Guaranty's liens with a supposed absence of an "actual controversy" between the parties.[2] As demonstrated below, however, the instant *Complaint* is entirely appropriate for resolution via a declaratory judgment and does not fail for the lack of an "actual controversy" between First Guaranty and the Justice Defendants.

First Guaranty has alleged a definite and concrete dispute regarding the validity and priority of its first liens on the Old White Lot and Kate's Mountain properties following Peoples Bank's recordation of a release (the "PEBO Release") in the land records of Greenbrier County. Paragraph 40 of the *Complaint* alleges, in relevant part, that

> the PEBO Release recited that "said indebtedness [*i.e.*, the First Priority Loan] has been fully paid and satisfied." As the continuing legal force and effect of the liens of not only the Old White First Deed of Trust, but also the Kate's Mountain First Deed of Trust, are both dependent upon the existence of an unpaid underlying indebtedness (*i.e.*, the First Priority Loan) the suggestion of record that payment in full of that indebtedness has been made reasonably places into question whether either or both of the First Priority Deeds of Trust continue to have force and effect.

---

[2] *Compare* Mot. to Dismiss at 1 ("The Justice Defendants agree that Plaintiff should receive whatever legally available remedy exists to correct the erroneous deed-of-trust release that underlies the Complaint") *with* id. at 4 ("remedies may be available to Plaintiff, but a declaratory judgment against the Justice Defendants is not [available]").

*Compl.* at ¶ 40. Given First Guaranty's status as the holder of first priority liens on the Old White Lot and Kate's Mountain properties, this dispute necessarily touches the legal relations of all other named defendants, including the Justice Defendants, who possess differing and adverse legal interests as to the subject properties. If First Guaranty's liens are deemed to have been satisfied by virtue of the recording of the PEBO Release, then the Justice Defendants will not be obligated to repay the First Priority Loan to First Guaranty and the subordinate liens held by the other defendants will gain in priority.

The *Complaint* further alleges a definite and concrete dispute regarding the effectiveness of the "Affidavit of Facts" (the "PEBO Affidavit") subsequently recorded by Peoples Bank in the land records of Greenbrier County. First Guaranty alleges that:

> As hereinafter detailed the PEBO Affidavit patently is inadequate in form and substance to remove the clouds upon the titles of the First Priority Deeds of Trust.
>
> As a threshold matter, the stated legal conclusions set forth in the PEBO Affidavit omit in their entirety any reference to Kate's Mountain or the Kate's Mountain First Deed of Trust.
>
> Further, and more importantly, the PEBO Affidavit fails to provide necessary assurances of record to persons prospectively reviewing the titles to the Old White Lot and Kate's Mountain as conveyed by the First Priority Deeds of Trust, that all of the holders of the Fee Simple Interests and the Inferior Liens acknowledge and agree with the legal conclusions advanced by the PEBO Affidavit.

*Compl.* at ¶¶ 46-48. This additional dispute likewise touches the legal relations of all other named defendants, including the Justice Defendants. Indeed, prior to the filing of this lawsuit, none of the defendants expressly acknowledged the legal conclusions set forth in the PEBO Affidavit, let alone recorded any document in Greenbrier County land records confirming their

agreement with the PEBO Affidavit, thereby creating uncertainty (and adversity) among the parties as to the effectiveness of the PEBO Affidavit.

A declaratory judgment undoubtedly will be useful in this case because it will clarify and settle the legal relations among the parties with respect to the validity and priority of the Old White First Deed of Trust and the Kate's Mountain First Deed of Trust held by First Guaranty, thereby terminating all uncertainty regarding these liens and finally resolving the instant dispute. *See Compl.* at ¶ 50 ("in consideration of the need for alacrity in order to resolve and remediate the clouds on title which have resulted from the actions of PEBO as hereinabove recited, only declaratory relief as prayed herein can achieve the requirements of justice in the circumstances herein presented"). Further, because the declaratory relief requested by First Guaranty necessarily implicates the indebtedness owed by the Justice Defendants under the First Priority Loans and concerns liens on properties owned by them, the Justice Defendants are necessary parties to this action. *See* Fed. R. Civ. P. 19(a) (requiring joinder of party where "in that person's absence, the court cannot accord complete relief among existing parties"); *accord* West Virginia Uniform Declaratory Judgments Act, W. Va. Code 55-13-11 ("[w[hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration").

Accordingly, the *Complaint* adequately pleads a claim for relief against the Justice Defendants.

### III. CONCLUSION

WHEREFORE, Plaintiff, First Guaranty Bank, respectfully requests that the *Justice Defendants' Motion to Dismiss* be DENIED.

Respectfully submitted,

SCHLOSSBERG | MASTRO

By: */s/ Roger Schlossberg*
Roger Schlossberg, WV Bar # 7367
Frank J. Mastro, admitted *pro hac vice*
P.O. Box 2067
Hagerstown, MD 21742
rschlossberg@schlosslaw.com
fmastro@schlosslaw.com
(301) 739-8610
*Attorneys for Plaintiff,*
*First Guaranty Bank*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **8th** day of **July 2024**, I served a copy of the foregoing *Plaintiff's Memorandum in Opposition to Justice Defendants' Motion to Dismiss* upon all counsel of record herein electronically via CM/ECF.

*/s/ Roger Schlossberg*
Roger Schlossberg (WV Bar # 7367)